# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| CORA HARRIS,<br>    Petitioner, | Case No. 1:18-cv-711 |
| | McFarland, J. |
| vs. | Bowman, M.J. |
| WARDEN, DAYTON<br>CORRECTIONAL INSTITUTION,<br>    Respondent. | **REPORT AND<br>RECOMMENDATION** |

Petitioner, an inmate in state custody at the Dayton Correctional Institution, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the petition and respondent's return of writ, to which petitioner has not replied. (Doc. 1, 11).

For the reasons stated below, the petition should be denied.

## I. PROCEDURAL HISTORY

### State Trial Proceedings

On April 17, 2017, the Hamilton County, Ohio grand jury returned a two-count-indictment, charging petitioner with two counts of felonious assault. (Doc. 10, Ex. 1). The second count included two firearm specifications. After initially entering a not-guilty plea, petitioner subsequently withdrew the plea and, through counsel, pled guilty to the first count of the indictment. (*See* Doc. 10, Ex. 4). The second count was dismissed. (Doc. 10, Ex. 5). On July 25, 2017, petitioner was sentenced to serve five years of imprisonment in the Ohio Department of Corrections. (Doc. 10, Ex. 6).

### Direct Appeal

Petitioner, through new counsel, filed a notice of appeal to the Ohio Court of Appeals.

(Doc. 10, Ex. 7). Petitioner raised the following single assignment of error in her appellate brief:

> The trial court erred when it sentenced Ms. Harris.
>
> Issue Presented for Review and Argument: Ms. Harris's sentence is clearly and convincingly contrary to law.

(Doc. 10, Ex. 8). Petitioner argued that the trial court erred under Ohio law in imposing her sentence. On May 23, 2018, the Ohio appeals court overruled petitioner's assignment of error and affirmed the judgment of the trial court. (Doc. 10, Ex. 10).

### Ohio Supreme Court

On June 28, 2018, petitioner filed a pro se notice of appeal to the Ohio Supreme Court from the appellate decision. (Doc. 10, Ex. 11). In her memorandum in support of jurisdiction, petitioner raised the following proposition of law: "The trial erred when it sentenced Ms. Harris." (Doc. 10, Ex. 12). As she did on direct appeal, petitioner claimed her sentence was clearly and convincingly contrary to Ohio sentencing law. (*See id.* at PageID 116–17). On August 29, 2018, the Ohio Supreme Court declined to accept jurisdiction of the appeal. (Doc. 10, Ex. 14). Petitioner subsequently filed a motion for reconsideration, which was denied. (Doc. 10, Ex. 15, 16).

### Post-Conviction Motions

On October 18, 2018, petitioner filed a pro se motion for judicial release, which was overruled by the trial court. (Doc. 10, Ex. 17, 18).

Petitioner filed a pro se petition to vacate or set aside judgment of conviction or sentence on December 21, 2018. (Doc. 10, Ex. 19). Petitioner set forth the following claim in support of her petition:

> I was told not to speak in Court and I was also told I was getting probation by my lawyer at the time Mrs. Treleven.

> I did not physically at any time cause harm to the victim not even knowingly I did not hit her nor touch the victim.

(*Id.* at PageID 153). Petitioner also filed a motion for expert assistance. (Doc. 10, Ex. 20). On January 23, 2019, the trial court overruled petitioner's motions. (Doc. 10, Ex. 23, 24).

It appears from the Hamilton County Clerk of Court docket records that petitioner filed three additional motions for judicial release on May 13, 2019, June 28, 2019, and December 12, 2019, which were denied by the trial court.[1]

Petitioner does not appear to have sought further review in the Ohio Court of Appeals.

### Federal Habeas Corpus

Petitioner filed the instant federal habeas corpus action on October 9, 2018. (Doc. 1). Petitioner raises the following three grounds for relief in the petition:

> **GROUND ONE**: Law [abiding] citizen of the community
>
> Supporting Facts: Trial Court stated facts of no criminal history. Trial Court failed to state or see if defendant was or even eligible for presentencing investigation meaning eligible for probation instead of imprisonment.
>
> **GROUND TWO**: Constitutional right to b[ear] arms.
>
> Supporting Facts: The court stated "I am adamantly opposed to guns." I hate them the trial court personnal (sic) hatred toward guns, the fact the court was more preoccupied that a gun was use[d] than the principles of sentencing and factors laid out. Trial Court errored that the gun was legally and the defendant carry CCW license.
>
> **GROUND THREE**: Confrontation
>
> Supporting Facts: The victim admitted that she "did wrong too." and made it worse and she stated facts that why she didn't want to go to [trial].

---

[1] Viewed at www.courtclerk.org under Case No. B 1702096. This Court may take judicial notice of court records that are available online to members of the public. *See Lynch v. Lets*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

(*Id.* at PageID 28, 30, 31).

Respondent has filed a return of writ in opposition to the petition. (Doc. 11). Respondent contends that petitioner's grounds for relief are not cognizable and procedurally defaulted.

## II. THE PETITION SHOULD BE DENIED

In her three grounds for relief, petitioner contends that the trial court erred during her sentencing. Specifically, in Ground One, petitioner claims the trial court failed to consider whether she was eligible for probation instead of imprisonment. In Ground Two, petitioner argues that the trial court failed to consider the principles of sentencing and other relevant factors because the judge was preoccupied with the fact that the case involved a gun. Finally, in Ground Three—which petitioner titles "Confrontation"—petitioner indicates that the victim admitted that she "did wrong too." (Doc. 1). As discussed below, in Ground Three petitioner claims that the victim's admission was a mitigating factor under Ohio Rev. Code § 2929.12(C)(1).

Petitioner is not entitled to federal habeas relief based on her grounds for relief because petitioner either fails to raise issues cognizable on federal habeas relief or failed to present any cognizable claim to the Ohio Courts.

On direct appeal, petitioner claimed that her sentence was clearly and convincingly contrary to law, pursuant to Ohio Rev. Code § 2953.08(G)(2).[2] (*See* Doc. 10, Ex. 8). Petitioner argued that the trial court erred by not properly considering the purposes and principles of sentencing set forth in Ohio Rev. Code § 2929.11 or the seriousness and recidivism factors set forth in § 2929.12. As she does in Ground Two of the petition, petitioner argued that the

---
[2] Ohio Rev. Code § 2953.08(G)(2), which governs the appellate review of felony sentencing, provides that an appellate court "will only modify or vacate a sentence if it clearly and convincingly finds that either the record does not support the mandatory sentencing findings or the sentence is otherwise contrary to law." (Doc. 10, Ex. 10 at PageID 106).

4

overriding factor considered at sentencing was the trial court's personal hatred towards guns. With respect to Ground Three, petitioner cited the fact that the victim admitted that she "did wrong too" as a mitigating factor regarding the seriousness of the offense, pursuant to Ohio Rev. Code § 2929.12(C)(1).³  (*Id.* at PageID 95).

This Court has jurisdiction to review petitioner's claim only to the extent that petitioner challenges her confinement based on an alleged violation of the Constitution, laws or treaties of the United States, and not "on the basis of a perceived error of state law."  28 U.S.C. § 2254(a); *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *see also Wilson v. Corcoran,* 562 U.S. 1, 5 (2010) (quoting *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991)) ("it is not the province of a federal court to reexamine state-court determinations on state-law questions").  Because habeas review is limited to claims implicating federal concerns, this Court lacks jurisdiction to consider any claim that the trial court erred by failing to comply with Ohio Rev. Code § 2929.11 or other Ohio sentencing laws.  *See Howard v. White,* 76 F. App'x 52, 53 (6th Cir. 2003) (finding a challenge to state court's interpretation and application of its sentencing laws and guidelines to be a matter of state law not cognizable in a federal habeas corpus proceeding).  Therefore, to the extent that petitioner seeks relief for the state court's alleged failure to correctly apply Ohio law, she fails to state a cognizable claim for relief.  *See Burrell v. Smith*, No. 1:12-cv-2233, 2014, WL 1246847, at *13 (N.D. Ohio Mar. 24, 2014) ("Generally, a challenge to a state court's interpretation and application of Ohio's sentencing laws is not cognizable in a federal habeas corpus action.") (collecting cases).

---

³ Under Ohio Rev. Code § 2929.12(C), "[t]he sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is less serious than conduct normally constituting the offense," including "(1) The victim induced or facilitated the offense."

Petitioner has waived any claim of constitutional error because she failed to fairly present any constitutional claim to the state courts. "Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *Fulcher v. Motley,* 444 F.3d 791, 798 (6th Cir. 2006) (quoting *Newton v. Million,* 349 F.3d 873, 877 (6th Cir. 2003)); *see also* 28 U.S.C. § 2254(b), (c); *Anderson v. Harless,* 459 U.S. 4, 6 (1982) (per curiam); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). A constitutional claim for relief must be presented to the state's highest court in order to satisfy the fair presentation requirement. *See O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 848 (1999); *Hafley v. Sowders,* 902 F.2d 480, 483 (6th Cir. 1990); *Leroy v. Marshall,* 757 F.2d 94, 97, 99-100 (6th Cir. 1985). Moreover, it is well-settled that in order to satisfy the "fair presentation" requirement, a habeas corpus petitioner must present both the factual and legal underpinnings of his claims to the state courts. *Fulcher,* 444 F.3d at 798; *McMeans v. Brigano,* 228 F.3d 674, 681 (6th Cir. 2000); *Franklin v. Rose,* 811 F.2d 322, 325 (6th Cir. 1987).

A set of four guidelines has been developed for determining whether a claim was presented in such a way as to alert the state courts of the claim's federal nature. *McMeans,* 228 F.3d at 681. Under those guidelines, the fair presentation requirement is satisfied if the petitioner raised the federal issue in the state courts by (1) relying on federal cases employing constitutional analysis; (2) relying on state cases employing constitutional analysis in similar factual contexts; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law. *Id.* (citing *Franklin,* 811 F.2d at 326).

As noted above, in this case, petitioner failed to present her claims as a constitutional

issues on direct appeal or on further review to the Ohio Supreme Court.[4] (*See* Doc. 10, Ex. 8, 12). Petitioner instead argued that her sentencing violated Ohio law. Petitioner did not rely on federal or state cases employing constitutional analysis, nor can the Court conclude that petitioner phrased her claims in terms of constitutional law or alleged facts well within the mainstream of constitutional law. Petitioner also failed to present any claims regarding the Second Amendment or the Confrontation Clause to the Ohio courts. Because petitioner failed to provide the state's highest court with an opportunity to correct the alleged violations of her constitutional rights, she procedurally defaulted and has waived the ground for relief absent a showing of cause and prejudice for the default in the state courts, or that a fundamental miscarriage of justice will occur if the claim is not considered herein. *See, e.g., Coleman,* 501 U.S. at 750; *Harris,* 489 U.S. at 262. No such showing has been made in this case.

Finally, because petitioner has not otherwise demonstrated that a fundamental miscarriage of justice will occur if her procedurally-defaulted claims for relief are not considered or, in other words, that the alleged errors "probably resulted in the conviction of one who is actually innocent," *see Murray,* 477 U.S. at 495–96. *See also Schlup v. Delo,* 513 U.S. 298, 327 (1995); *Bonilla,* 370 F.3d at 498,[5] petitioner has procedurally defaulted and waived any cognizable claims raised in the petition.

---

[4] Petitioner's post-conviction petitions similarly did not raise the claims presented in the instant petition as constitutional errors. (*See* Doc. 10, Ex. 17, 19).

[5] It is noted that to establish a credible claim of actual innocence sufficient to excuse her procedural default, petitioner must "support h[er] allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324. Petitioner has failed to establish a credible claim of actual innocence under the *Schlup* standard, as she has not supported her allegations of constitutional error with any new evidence of actual innocence. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup,* 513 U.S. at 316.

### IT IS THEREFORE RECOMMENDED THAT:

1. Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** with prejudice.

2. A certificate of appealability should not issue with respect to the claims alleged in the petition, which have been addressed on the merits herein, because petitioner has not stated a "viable claim of the denial of a constitutional right," nor are the issues presented "adequate to deserve encouragement to proceed further." *See Slack v. McDaniel,* 529 U.S. 473, 475 (2000) (citing *Barefoot v. Estelle,* 463 U.S. 880, 893 & n.4 (1983)). *See also* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, should **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

CORA HARRIS,
    Petitioner,

vs.

WARDEN, DAYTON
CORRECTIONAL INSTITUTION,
    Respondent.

Case No. 1:18-cv-711

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).